UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

William H.,[1]

          Plaintiff,                     Case No. 23-cv-1737 (KMM/LIB)

     v.                                   **REPORT AND RECOMMENDATION**

Martin J. O'Malley,
Commissioner of Social Security Administration,

          Defendant.

---

Plaintiff, William H. (hereinafter "Plaintiff"), seeks judicial review of the decision of the Commissioner of Social Security ("Defendant") denying his application for disability benefits. The matter is before the undersigned United States Magistrate Judge for disposition pursuant to 28 U.S.C. § 636 and Local Rules 7.2(a)(1). This Court has jurisdiction over the claims under 42 U.S.C. § 405(g).

Pursuant to the Federal Supplemental Rules of Civil Procedure which govern actions seeking judicial review of a decision of the Commissioner of Social Security, the present action "is presented for decision by the parties' brief." Fed. R. Civ. P. Supp. SS Rule 5. Plaintiff filed a brief requesting that the present action be remanded to the Social Security Administration for further consideration. [Docket No. 13]. Defendant filed a brief asking this Court to affirm the underlying decision denying Plaintiff's request for benefits and to dismiss this action. [Docket No. 14].

For the reasons discussed herein, the undersigned recommends that Plaintiff's request for relief, [Docket No. 13], be **GRANTED**, and Defendant's request for relief, [Docket No. 14], be **DENIED**.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Report and Recommendation. Thus, when the Court refers to Plaintiff by his name only his first name and last initial are provided.

## I. Background

On May 6, 2021, Plaintiff filed an application for supplemental social security income. (Tr. 14, 247–248, 261–267).[2] Plaintiff alleged that his disability began on January 18, 2020. (Tr. 14, 261, 276). The Commissioner initially denied Plaintiff's claim on October 12, 2021, and again, upon reconsideration, on December 21, 2021. (Tr. 14, 122–134, 139–148). On January 25, 2022, Plaintiff filed a written request for a hearing before an Administrative Law Judge. (Tr. 14, 161).

Administrative Law Judge Robert Tjapkes (hereinafter "ALJ") conducted a telephonic hearing on September 12, 2022, at which Plaintiff was represented by legal counsel. (Tr. 14, 47–76). Plaintiff along with an independent vocational expert, Adolph Cwik, ("IVE Cwik") testified at the hearing. (Tr. 14, 47–76).

On September 23, 2022, the ALJ issued a decision denying Plaintiff's request for supplemental social security income. (Tr. 12–24). The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 24).

Plaintiff thereafter sought review of the decision by the Appeals Council. (Tr. 1–10). Subsequently, on May 1, 2023, the Appeals Council denied Plaintiff's request for review. (Tr. 1). As a result, the ALJ's decision became the final decision of the Commissioner. See 20 C.F.R. §§ 404.981, 416.1481.

On June 9, 2023, Plaintiff filed this action. (Compl. [Docket No. 1]). Thereafter, this matter was presented to the Court for review pursuant to the parties' briefs, [Docket Nos. 13, 14], and the Court took the matter under advisement on the written submissions.

## II. Standards of Review

### A. Administrative Law Judge's Five-Step Analysis

---

[2] Throughout this Report and Recommendation, the Court refers to the Administrative Record, [Docket No. 11], by the abbreviation "Tr." Where the Court cites to the Administrative Record, it refers to the page numbers found in the bottom-right corner of each page of the record.

If a claimant's initial application for disability benefits is denied, he may request reconsideration of the decision. 20 C.F.R. §§ 404.907–404.909. A claimant who is dissatisfied with the reconsidered decision may then obtain administrative review by an administrative law judge ("ALJ"). 42 U.S.C. § 405(b)(1); 20 C.F.R. § 404.929.

To determine the existence and extent of a claimant's disability, the ALJ must follow a five-step sequential analysis. This analysis requires the ALJ to make a series of factual findings about the claimant's impairments, residual functional capacity, age, education, and work experience. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992). The Eighth Circuit has described this five-step process as follows:

> The Commissioner of Social Security [through the ALJ] must evaluate: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations; (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).

The claimant bears the burden under the Social Security Act of proving that he is disabled. See 20 C.F.R. § 404.1512(a); Whitman v. Colvin, 762 F.3d 701, 705 (8th Cir. 2014). Once the claimant has demonstrated he cannot perform any of his prior, relevant work due to a disability, the burden then shifts to the Commissioner to show that the claimant retains the residual functional capacity ("RFC") to engage in some other substantial, gainful activity. Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005).

B. Appeals Council Review

If the claimant is dissatisfied with the ALJ's decision, he may request review by the Appeals Council, although the Appeals Council need not grant that request for review. See 20 C.F.R.

3

§§ 404.967–404.982. The decision of the Appeals Council (or, if the request for review is denied by the Appeals Council, then the decision of the ALJ) is final and binding upon the claimant, unless the matter is appealed to federal court within sixty days after notice of the Appeals Council's action. See 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. In the present case, the Appeals Council declined to review the ALJ's decision finding that Plaintiff was not disabled. (Tr. 1).

### C. Judicial Review

Judicial review of the administrative decision generally proceeds by considering the decision of the ALJ at each of the five steps. Judicial review of the Commissioner's decision to deny disability benefits, however, is constrained to a determination of whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008); Tellez v. Barnhart, 403 F.3d 953, 956 (8th Cir. 2005); Buckner v. Apfel, 213 F.3d 1006, 1012 (8th Cir. 2000) ("We may reverse and remand findings of the Commissioner only when such findings are not supported by substantial evidence on the record as a whole."). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Buckner, 213 F.3d at 1012 (quoting Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000)); see Coleman v. Astrue, 498 F.3d 767, 770 (8th Cir. 2007).

In reviewing the record for substantial evidence, the Court may not substitute its own judgment or findings of fact for that of the ALJ. Hilkemeyer v. Barnhart, 380 F.3d 441, 445 (8th Cir. 2004). The possibility that the Court could draw two inconsistent conclusions from the same record does not prevent a particular finding from being supported by substantial evidence. Culbertson v. Shalala, 30 F.3d 934, 939 (8th Cir. 1994). The Court should not reverse the Commissioner's finding merely because evidence may exist in the administrative record to support the opposite conclusion. Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

After balancing the evidence, if it is possible to reach two inconsistent positions from the evidence and one of those positions represents the Commissioner's decision, the Court must affirm the decision. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992). Thus, the Court will not reverse the ALJ's "denial of benefits so long as the ALJ's decision falls within the 'available zone of choice.'" Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008). The decision of the ALJ "is not outside the 'zone of choice' simply because [the Court] might have reached a different conclusion had [it] been the initial finder of fact." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." Medhaug v. Astrue, 578 F.3d 805, 813 (8th Cir. 2009) (quotation omitted).

**III. Decision Under Review**

In the present case, the ALJ made the following determinations during the five-step disability evaluation process.

At step one, the ALJ concluded that Plaintiff had not engage in substantial gainful activity since the date of his application for benefits, May 6, 2021. (Tr. 16). This finding is not in dispute. The Court will refer to the time period between May 6, 2021, and the date of the ALJ's decision as "the adjudicated period."

At step two, the ALJ concluded that Plaintiff had "the following severe impairments: left below-knee amputation, right shoulder degenerative joint disease, obesity, depressive disorder, anxiety disorder, attention deficit hyperactivity disorder (ADHD), posttraumatic stress disorder (PTSD), and history of alcohol use disorder." (Tr. 16). Plaintiff does not challenge the findings made by the ALJ at step two.

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R.

Part 404, Subpart P, Appendix 1. (Tr. 17–18). Specifically, the ALJ found that Plaintiff did not have any impairment or combination of impairments which met or equaled listings 1.20D, 1.18, 12.04, 12.06, 12.11, or 12.15. (Tr. 17–18). Plaintiff does not challenge the ALJ's findings at step three.

At step four, the ALJ made the following RFC determination:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except: can stand and/or walk for 4 of 8 hours in a workday; no operation of foot controls with the left lower extremity; occasional overhead reaching with the right (dominant) upper extremity; no climbing of ladders, ropes, or scaffolds, work around hazards such as unprotected heights or unguarded, moving machinery, or crawling; occasional crouching, kneeling, balancing (as defined in the Selected Characteristics of Occupations), stooping, and climbing of ramps and stairs; no exposure to extremes of heat; no work on broken or irregular ground; able to understand, remember, and carry out simple instructions and tasks; occasional interaction with co-workers and supervisors but none with the public; and occasional changes in the workplace setting.

(Tr. 18). Plaintiff challenges this RFC determination made by the ALJ.

In making this RFC determination, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms"; however, the ALJ also concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the ALJ's] decision." (Tr. 20). Plaintiff does not directly challenge this credibility determination by the ALJ.[3]

Based on his RFC determination and relying on the testimony from the independent vocational expert, IVE Cwik, the ALJ determined that Plaintiff was unable to perform his past relevant work. (Tr. 23). Plaintiff does not challenge this finding by the ALJ.

---

[3] "Social Security Ruling 16-3p eliminates the use of the term 'credibility' and clarifies that the Commissioner's review of subjective assertions of the severity of symptoms is not an examination of a claimant's character, but rather, is an examination for the level of consistency between subjective assertions and the balance of the record as a whole." Noerper v. Saul, 964 F.3d 738, 745 n.3 (8th Cir. 2020). SSR 16-3p applies to the present case, "but it largely changes terminology rather than the substantive analysis to be applied," and in discussing said determination, Courts have continued to use the "credibility" terminology. Noerper v. Saul, 964 F.3d 738, 745 n.3 (8th Cir. 2020).

6

At step five, the ALJ found that there were other jobs that existed in significant numbers in the national economy which Plaintiff could perform. (Tr. 23–24). Here again relying upon testimony from the independent vocational expert, IVE Cwik, the ALJ specifically found that among the occupations Plaintiff would be able to perform were "electrical accessories assembler" of which there are 34,200 positions in the national economy; "industrial bagger" of which there are 13,100 positions in the national economy; and "hammermill operator" of which there are 11,400 positions in the national economy. (Tr. 24). Although Plaintiff does not directly challenge this finding, Plaintiff implicitly challenges this finding based on his argument regarding the ALJ's RFC determination.

Based on his finding at each of the steps of the sequential analysis, the ALJ concluded that Plaintiff was not under a disability, as that term is defined by the Social Security Act, at any time during the adjudicated period. (Tr. 24).

IV. Analysis

Plaintiff asserts two overarching arguments in his appeal of the ALJ's decision. First, Plaintiff contends the ALJ erred by failing to build a "logical bridge" between the evidence in the record and the RFC limitations related to Plaintiff's physical impairments. (See Plf.'s Mem. [Docket No. 13] at 8, 12–16). Second, Plaintiff argues that the ALJ erred by failing to adequately analyze the supportability and consistency factors in his evaluation of the medical opinions of the state agency psychological consultants. (See Id. at 8, 16–25).

Of these two arguments, only the former warrants substantive discussion here. At the core of Plaintiff's "logical bridge" argument is Plaintiff's contention that the ALJ failed to articulate an explanation for how he determined Plaintiff retained the RFC necessary to stand or walk for four hours of an eight-hour workday. (See Id. at 12–16). Plaintiff contends that because the ALJ failed to explain his decision regarding the number of hours Plaintiff could stand or walk per workday and

because the ALJ failed to articulate which evidence he relied upon in reaching this decision, "the RFC is disconnected from the facts and evidence and there is no accurate and logical bridge to explain how the limitations for standing and walking in the RFC were deemed appropriate and adequate." (Id. at 14). Thus, according to Plaintiff, the ALJ's RFC determination is not supported by substantial evidence in the record and remand is required for further administrative proceedings. (See Id. at 12–16, 25).

An individual's RFC is a determination as to what the individual can still do despite his physical or mental limitations. See Lauer v. Apfel, 245 F.3d 700, 703 (8th Cir. 2001). More specifically, it is a determination as to what the individual can do on a regular and continuing basis in the workplace given the claimant's recognized impairments. See Id. Although a claimant's RFC is within the purview of an ALJ's administrative determinations, "a claimant's RFC is a medical question," and therefore, "an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." Combs v. Berryhill, 878 F.3d 642, 646 (8th Cir. 2017) (quoting Steed v. Astrue, 524 F.3d 872, 875 (8th Cir. 2008)). "[A]lthough medical source opinions are considered in assessing RFC, the final determination of RFC is left to the Commissioner [through the ALJ] based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his] limitations." Noerper v. Saul, 964 F.3d 738, 745 (8th Cir. 2020) (first alteration in original) (internal citations omitted); see Combs, 878 F.3d at 646; Strongson v. Barnhart, 361 F.3d 1066, 1070 (8th Cir. 2004). Nevertheless, "[s]ome medical evidence must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace," if no such credible evidence exists in the record. Lauer v. Apfel, 245 F.3d 700, 703 (8th Cir. 2001) (cleaned up).

In making the RFC determination, the ALJ has a duty to sufficiently develop the record to permit meaningful review on appeal. See Noerper v. Saul, 964 F.3d 738, 747 (8th Cir. 2020). This duty to develop the record "arises from the simple fact that the disability determination process is not an adversarial process," and thus, the duty to develop the record "exists alongside the claimant's burden to prove [his] case." Id. Moreover, the ALJ's duty exists even when a claimant is represented by counsel, and the duty persists at each step of the sequential analysis. Id. The Eighth Circuit Court of Appeals has "repeatedly recognized this duty," and it has "remanded for further development of the record not only where evidence of functional limitations is lacking, but also where the record presents conflicting medical opinions as to which the Commissioner fails to explain a choice." Id.

At issue in the present case is the ALJ's finding that Plaintiff retained the ability to "stand and/or walk for 4 of 8 hours in a workday." The ALJ made this finding following his consideration of the state agency medical consultants' opinions on Plaintiff's functional limitations related to his physical impairments. (Tr. 22). The ALJ's substantive discussion on the issue of Plaintiff's ability to stand and walk during the workday is as follows:

> The State agency medical consultants found the claimant capable of medium work with postural, manipulative, and environmental restrictions (B2A, B5A). These opinions are only partially persuasive, as they are not entirely consistent with the objective medical evidence. The claimant's left below-knee amputation is more consistent with light work, standing/walking 4 of 8 hours in a workday, greater postural limitations, no exposure to hazards, and no work on broken or irregular ground. I further limited the claimant to no exposure to extremes of heat, as he testified that sweating causes discomfort wearing his prosthesis. He had no complaints about extreme cold.

(Tr. 22). This brief discussion is the limit of the ALJ's substantive discussion related to Plaintiff's ability to stand or walking throughout the workday. (See Tr. 14–24).

On the record now before the Court, substantial evidence does not support the ALJ's finding that Plaintiff retained the RFC to stand or walk for four hours per eight-hour workday. As explained

9

above, an RFC determination must be supported by some medical evidence of the claimant's ability to function in the workplace. However, in the present record there exists no medical evidence that Plaintiff, despite his impairments, retained the ability to stand or walk for four hours per eight-hour workday. The only three medical opinions in the record regarding Plaintiff's physical impairments each opine that Plaintiff could stand of walk for six hours per eight-hour workday.[4] And there is no medical evidence, objective test result, or treatment note from a medical professional providing that Plaintiff retained the ability to stand or walk four hours per eight-hour workday. Put differently, "there is not medical evidence, i.e., a discussion by a doctor or other professional, which indicates" Plaintiff retains the ability to stand or walk four hours per eight-hour workday. See Pate-Fires v. Astrue, 564 F.3d 935, 946 (8th Cir. 2009). Thus, the ALJ's decision that Plaintiff retained the ability to stand or walk four hours per eight-hour workday is not supported by substantial evidence because the record lacks any medical evidence in support of the ALJ determination that Plaintiff retained the RFC to stand or walk four hours per eight-hour workday.

It is of no consequence to the outcome of the present analysis that the ALJ's RFC determination imposes a greater limitation that the three medical opinions in the record. It is patently evident from the ALJ's decision that the ALJ thought the record as a whole supported a limitation on Plaintiff's ability to stand or walk greater than the limitation opined by every medical professional in the record.[5] Unfortunately, rather than seeking additional medical evidence on this crucial issue, the ALJ improperly inferred his own medical finding that Plaintiff could stand or walk only four hours per eight-hour workday. This inference by the ALJ is presumably derived from the ALJ's review and interpretation of objective medical reports and treatment notes in the record;

---

[4] The State Agency Medical Consultants, Dr. Ann Fingar, M.D. and Dr. Paul Ossman, M.D., each opined that Plaintiff could walk or stand six hours in an eight-hour workday. (Tr. 117–118, 129–131). Similarly, Dr. Chistopher Hughes, M.D., opined that Plaintiff could stand or walk six hours in an eight-hour workday. (Tr. 721).
[5] Because it is evidence from the record that the ALJ believed a greater limitation was warranted on Plaintiff's ability to walk or stand throughout the workday the ALJ's error here was not a harmless error.

however, the ALJ is not permitted to make such inferences or create his own functional limitations. Shontos v. Barnhart, 328 F.3d 418, 427 (8th Cir. 2003); Combs v. Berryhill, 878 F.3d 642, 646 (8th Cir. 2017); Reza v. Saul, No. 4:19-cv-4124 (VLD), 2020 WL 1866477, at *20 (D.S.D. Apr. 14, 2020); Pamela K. v. Kijakazi, No. 21-cv-690 (ECW), 2022 WL 2835069, at *14 (D. Minn. July 20, 2022); Myatt v. Colvin, No. 3:14-cv-249 (PSH), 2015 WL 5996304, at *3 (E.D. Ark. Oct. 14, 2015); Eden v. Saul, No. 18-cv-76 (LTS), 2019 WL 5260476, at *5 (N.D. Iowa Oct. 17, 2019); Thesing v. Colvin, No. 13-cv-1079 (JRT/JSM), 2014 WL 3890372, at *23–25 (D. Minn. Aug. 8, 2014). Even assuming solely for the sake of argument that the ALJ reached this inference by reviewing the object medical testing results and various, unspecified medical records, the ALJ is not permitted to draw such inference based on his review of the medical reports or the results of medical testing. Shontos, 328 F.3d at 427; Combs, 878 F.3d at 646; Pamela K., 2022 WL 2835069, at *14; Myatt, 2015 WL 5996304, at *3; Eden, 2019 WL 5260476, at *5; Thesing, 2014 WL 3890372, at *23–25; Brown v. Saul, No. 19-cv-806 (PLC), 2021 WL 1222113, at *7–8 (E.D. Mo. Mar. 31, 2021). The ALJ may not "make up [his] own functional limitations because the ALJ is not a medical professional." Reza v. Saul, No. 4:19-cv-4124 (VLD), 2020 WL 1866477, at *20 (D.S.D. Apr. 14, 2020).

This is not a case in which there are conflicting medical opinions as to the length of time Plaintiff could stand or walk throughout the workday and the ALJ reconciled the conflict between those opinions by determining which opinion was better supported by the medical evidence in the record as a whole. In the present case, the ALJ reached his RFC determination not by resolving a conflict among the opinions of medical professional (as each medical professional opined the same limitations) but instead by ostensible reviewing medical records to draw his own conclusion that the medical records equated to a finding that Plaintiff retained the ability to stand or walk four hours per eight-hour workday.

Nor is this a circumstance in which the medical opinions in the record opine that Plaintiff may walk or stand six hours per eight-hour workday which the ALJ must reconcile against a medical professional's discussion in a treatment note providing that Plaintiff can only stand or walk less than six hours per eight-hour workday. Rather, the only medical opinion evidence or discussion by a medical professional in the record regarding the length of time Plaintiff could stand or walk throughout the workday provides that Plaintiff could stand or walk six hours throughout an eight-hour workday.[6]

If the ALJ's review of the record as a whole found the need for a limitation greater than the limitation opined by the medical professionals in the record, then the ALJ was obligated to seek additional evidence on this issue. Manco v. Berryhill, No. 18-cv-4080 (VLD), 2019 WL 1513623, at *20 (D.S.D. Apr. 8, 2019) (citing Combs v. Berryhill, 878 F.3d 642, 647 (8th Cir. 2017); Strongson v. Barnhart, 361 F.3d 1066, 1070 (8th Cir. 2004)). The ALJ failed to do so here. Instead, he substituted his own inferences and medical findings. "This practice is 'forbidden by law.'" Vermeer v. Colvin, No. 4:15-cv-4052 (LLP), 2015 WL 7293728, at *18 (D.S.D. Oct. 27, 2015)

---

[6] Defendant does not highlight any medical opinion, medical report, objective medical evidence, or discussion by a medial professional which supports that ALJ's conclusion that Plaintiff could stand or walk four hours per eight-hour workday. (See Def.'s Mem. [Docket No. 14] at 6–8). Moreover, the Court's review of the administrative record, [Docket No. 11], finds no medical opinion, medical report, objective medical evidence, or discussion by a medial professional that supports the conclusion that Plaintiff retains the ability to stand or walk four hours per eight-hour workday. Nevertheless, it is hypothetically possible that the ALJ interpreted some medical opinion or treatment note by a medical professional in the record as providing that Plaintiff could stand or walk four hours per eight-hour workday. Even assuming solely for the sake of argument that the ALJ made such an interpretation in reaching his decision, remand would still be appropriate in the present case because the ALJ failed to articulate his reasons for making any such hypothetical decision and failed to highlight the evidence upon which he relied in making this hypothetical decision. See, e.g., Noerper v. Saul, 964 F.3d 738, 747 (8th Cir. 2020); Dianna L.B. v. Saul, 19-cv-2561 (TNL), 2020 WL 4586822, at *5 (D. Minn. Aug. 10, 2020); Holdeman v. Kijakazi, No. 20-cv-729 (NKL), 2021 WL 6062368, at *6 (W.D. Mo. Dec. 22, 2021); Christine F. v. Kijakazi, No. 21-cv-2048 (NEB/LIB), 2022 WL 3648674, at *5 (D. Minn. July 27, 2022), report and recommendation adopted, 2022 WL 3647808 (D. Minn. Aug. 24, 2022). Although the ALJ could have hypothetical made such a decision, the Court cannot meaningfully evaluate any such hypothetical decision by the ALJ because the ALJ failed in his duty to sufficiently develop the record to permit meaningful review. See, e.g., Noerper, 964 F.3d at 747; Dianna L.B., 2020 WL 4586822, at *5; Holdeman, 2021 WL 6062368, at *6; Christine F., 2022 WL 3648674, at *5. If the ALJ made any decision on such hypothetical basis, the ALJ is required to sufficiently articulate that decision and highlight the evidence in the record upon which he relied. See, e.g., Noerper, 964 F.3d at 747; Dianna L.B., 2020 WL 4586822, at *5; Holdeman, 2021 WL 6062368, at *6; Christine F., 2022 WL 3648674, at *5. Without this information, the Court cannot conduct a meaningful review of the ALJ's decision.

(quoting Pate-Fires v. Astrue, 564 F.3d 935, 946 (8th Cir. 2009)), report and recommendation adopted, 2015 WL 7274406 (D.S.D. Nov. 17, 2015).

Defendant unpersuasively contends that Plaintiff's argument that the ALJ's RFC determination is unsupported by substantial evidence fails because it is Plaintiff who bears the evidentiary burden at this step of the sequential analysis, and Plaintiff has failed to meet said burden. (Def.'s Mem. [Docket No. 14] at 6–7). The Eighth Circuit Court of Appeals has repeatedly held that the "ALJ bears a responsibility to develop the record fully and fairly, independent of the claimant's burden to press his case," even at the steps of the sequential analysis for which the Plaintiff bears the burden of persuasion. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010) (citing Snead v. Barnhart, 360 F.3d 834, 838 (8th Cir. 2004)); see, e.g., Cournoyer v. Colvin, No. 4:15-cv-4084 (LLP), 2016 WL 1033409, at *17 (D.S.D. Jan. 13, 2016), report and recommendation adopted, 2016 WL 1064495 (D.S.D. Mar. 15, 2016); Paula G.S. v. Saul, No. 20-cv-4041 (VLD), 2021 WL 1599229, at *17–22 (D.S.D. Apr. 23, 2021); Brown v. Saul, No. 19-cv-806 (PLC), 2021 WL 1222113, at *7–8 (E.D. Mo. Mar. 31, 2021). Despite Plaintiff bearing the burden of proving his disability, as soon as the ALJ determined that the record as a whole demonstrated that Plaintiff's impairments warranted a functional limitation on his ability to walk or stand greater than any limitation opined in the record, the lack of medical evidence (i.e., a discussion by a doctor or other professional) in support of this greater limitation obligated the ALJ to further develop the record on the crucial issue of Plaintiff's ability to stand or walk throughout an eight-hour workday. Manco, 2019 WL 1513623, at *20; Svendsen v. Kijakazi, No. 21-cv-1029 (CBK), 2022 WL 2753163, at *12 (D.S.D. July 14, 2022). In the present case, the ALJ failed to do so.

Defendant also contends that Plaintiff's argument regarding his ability to stand or walk throughout the workday his merely an invitation for the Court to reweigh the evidence previously reviewed by the ALJ but to construe said evidence in Plaintiff's favor. (Def.'s Mem. [Docket No.

14] at 7). This contention, however, is based on a misunderstanding of Plaintiff's argument. Plaintiff does not argue that the ALJ's interpretation of the medical evidence is incorrect. Instead, Plaintiff argues that the ALJ's determination that Plaintiff could stand or walk four hours in each eight-hour workday is not supported by any medical evidence in the record. Plaintiff further argues that even to the extent the ALJ's determination here was based on his hypothetical review of some unspecified portion of the record, the ALJ failed in his obligation to explain his decision in a manner sufficient to permit meaningful review on appeal.

In summation, the ALJ's determination that Plaintiff retained the RFC to stand or walk four hours per eight-hour workday is not supported by any medical evidence in the record, and it is therefore not supported by substantial evidence. Consequently, the ALJ's RFC determination as a whole is not supported by substantial evidence. Remand is thus required.[7]

## V. Conclusion

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's request for relief, [Docket No. 13], be **GRANTED**, as set forth above;
2. Defendant's request for relief, [Docket No. 14], be **DENIED**; and
3. The above captioned matter be **REMANDED** to the Social Security Administration, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this Report and Recommendation.

Dated: July 29, 2024                                         s/Leo I. Brisbois
                                                             Hon. Leo I. Brisbois
                                                             United States Magistrate Judge

---

[7] Because the Court finds that the ALJ's RFC determination is not supported by substantial evidence, the Court need not and does not consider Plaintiff's alternative arguments in support of remand. Remand for further administrative proceedings on the issue discussed herein will necessarily alter the nature of the circumstances underlying each of Plaintiff's other arguments.

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).